Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ANA MARÍA ORTÍZ APONTE **Peticionaria** V. REGALADO MALDONADO HERNÁNDEZ **Recurrido** | KLCE202300875 | *CERTIORARI* procedente del Tribunal de Primera Instancia Aibonito Caso Núm: AI2022CV00013 Sobre: Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

El 8 de agosto de 2023, la Sra. Ana María Ortiz Aponte (señora Ortiz o peticionaria) compareció ante nos mediante *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 7 de julio de 2023 y se notificó el 11 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Moción en Solicitud de Dictamen de Sentencia Sumaria* que presentó la señora Ortiz.

Por los fundamentos que expondremos a continuación, expedimos el recurso de certiorari y ***revocamos*** el dictamen recurrido.

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 24 de enero de 2022, la señora Ortiz presentó una *Demanda* sobre liquidación de comunidad postganancial de bienes en contra del Sr. Regalado Maldonado Hernández (señor Maldonado

o recurrido).[1] En esta, alegó que estuvo casada con el señor Maldonado bajo el régimen de Sociedad Legal de Gananciales y que posteriormente se divorciaron. Indicó que se dictó una *Sentencia* a tales efectos que se notificó el 23 de diciembre de 2021. Sostuvo, además, que durante el matrimonio se adquirieron diversos bienes y se generaron deudas que en el presente forman parte de una comunidad postganancial de bienes que está sujeta a una liquidación. De este modo, desglosó todos los bienes inmuebles, negocios en marcha, bienes muebles y cuentas bancarias y activos líquidos que presuntamente pertenecían a dicha comunidad postganancial.

Así pues, planteó que le pertenecía una porción no inferior al 50% de los activos generados en la comunidad. Señaló que ya no deseaba permanecer en un estado de indivisión comunitaria y, por ende, le solicitó al TPI a que ordenara el inventario y avalúo de los activos comunitarios con miras a su liquidación. Por último, indicó que en la medida en que el señor Maldonado ha tenido la administración exclusiva de los activos comunitarios, de haber incurrido en actos que han resultado en perdidas para la comunidad, será responsable de responderle a la parte peticionaria de aquella porción que le hubiese respondido como resarcimiento del perjuicio causado.

En respuesta, el 25 de marzo de 2023, recurrido presentó su alegación responsiva y una Reconvención.[2] En esencia, adujo que la parte peticionaria reclamó la división y disolución de bienes que son inexistentes y/o que no le pertenecen a la comunidad de bienes postganancial. Además, indicó que existían deudas que pertenecían

---

[1] Véase, págs. 1-6 del apéndice del recurso.

[2] Íd., págs. 8-11. Cabe mencionar que la parte peticionaria presentó una *Demanda Enmendada* el 11 de abril de 2022 para añadir unas alegaciones que no son pertinentes discutir en el caso ante nos. El recurrido contestó la Demanda Enmendada. Sin embargo, tampoco estaremos discutiendo dicho escrito por no ser pertinente al asunto ante nos.

a la extinta Sociedad Legal de Gananciales las cuales ha continuado pagando sin aportación alguna de la señora Ortiz. Finalmente, afirmó que había realizado un ofrecimiento a la peticionaria para compensarla por su participación en la comunidad postganancial la cual presuntamente fue rechazada. Por los motivos antes expuestos, le solicitó al TPI a que declarara Con Lugar la Reconvención y Sin Lugar la *Demanda*. Posteriormente, el recurrido enmendó su contestación con el único fin de alegar que en el presente caso faltaba la Sra. Aida Luz Maldonado Ortiz como parte indispensable.

Luego de varios trámites procesales y de haber culminado el descubrimiento de prueba, se celebró una conferencia con antelación al juicio en la cual el representante legal de la parte peticionaria informó que iba a estar presentando una moción dispositiva.[3] Para ello, el TPI le concedió hasta el 26 de junio de 2023 a dicha parte y a la parte recurrida le concedió hasta el 20 de julio de 2023 para presentar su oposición. El 26 de junio de 2023, la parte peticionaria presentó una solicitud de prórroga hasta el 7 de julio de 2023 para presentar su moción dispositiva.[4] El TPI se lo concedió mediante una *Orden* que dictó el 26 de junio de 2023 y notificó el 28 de junio de 2023.[5]

Así las cosas, el 7 de julio de 2023, le señora Ortiz presentó una *Moción en Solicitud de Dictamen de Sentencia Sumaria*.[6] Mediante esta, enumeró cinco (5) hechos que, a su juicio, no estaban en controversia. Entendió que dichas determinaciones de hechos eran suficientes para que se adjudicaran la totalidad de las reclamaciones, en particular, la liquidación de la comunidad postganancial de bienes. Ese mismo día, a saber, el 7 de julio de

---

[3] Véase, Entrada 291, SUMAC.
[4] Véase, Entrada 297, SUMAC.
[5] Véase, Entrada 298, SUMAC.
[6] Véase págs. 30-65 del apéndice del recurso.

2023, el TPI emitió una *Orden* que fue notificada el 11 de julio de 2023.[7] En esta resolvió lo siguiente:

> No ha lugar a la solicitud de Sentencia Sumaria. De no existir controversia, como se alega, en los cómputos de la liquidación de la comunidad post ganancial de bienes, la intervención y la reconvención, entonces procede la radicación de una estipulación que recoja estos acuerdos. De lo contrario, el tribunal entiende que hay controversia sobre los hechos y cómputos alegados en la moción. Aquellos hechos que surgen de esta moción y que no están en controversia deberán ser incluidos como estipulaciones de las partes en el Informe sobre Conferencia con Antelación al Juicio.

Inconforme con este dictamen, el 17 de julio de 2023, la señora Ortiz presentó una solicitud de reconsideración que fue denegada mediante una *Orden* que se emitió el 17 de julio de 2023 y se notificó el 19 de julio de 2023.[8] Así pues, el 8 de agosto de 2023, la peticionaria presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Tribunal de Instancia al declarar No Ha Lugar la "Moción en Solicitud de Dictamen de Sentencia Sumaria" radicada por la demandante (recurrente) negándose a brindar consideración a la misma en clara infracción a lo que disponen las reglas que gobiernan la referida solicitud dispositiva, y negándose a impartir materialidad a lo que dictamina, tanto la regla 36 como la 1 de Procedimiento Civil vigentes, y declinando descargar las funciones propias de su ministerio.**

Atendido el recurso, el 6 de septiembre de 2023, emitimos una *Resolución* concediéndole diez (10) días al recurrido para que presentara su posición en cuanto al recurso. Oportunamente, el señor Maldonado presentó su oposición al recurso. En esta, sostuvo que el TPI no le permitió presentar una oposición a la moción dispositiva que presentó la señora Ortiz a pesar de haber fijado un término para ello, por lo que no consideró la prueba que se presentaría como parte de la oposición antes de realizar su determinación. En vista de ello, nos solicitó que le devolviéramos el

---

[7] Íd., pág. 260.
[8] Íd., págs. 262-267.

caso al TPI para que fijara un término para brindarle la oportunidad a oponerse a la moción dispositiva que se presentó conforme lo permite la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R.36.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.  Veamos.

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la

admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de

derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

**-B-**

La moción de sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de controversias en las cuales no es necesario celebrar un juicio. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015); *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014). El mecanismo de sentencia sumaria está regulado por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36. En particular, la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R.36.2, permite que cualquier parte presente una moción, basada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Al solicitar este remedio, "la parte promovente de la moción deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". *Municipio de Añasco v. ASES et al.* 188 DPR 307, 326 (2013).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R.36.3, regula de manera específica los requisitos de forma que debe cumplir la parte que solicita la sentencia sumaria, así como los que debe cumplir la parte que se opone a ella. Particularmente, el inciso (a)(4) de la referida regla dispone que cuando se presenta una moción de sentencia sumaria, cada hecho material sobre el cual no hay controversia sustancial se debe sostener con indicación de los párrafos individualmente enumerados y a las páginas de las declaraciones u otra prueba admisible en evidencia.

Por otra parte, dispone que **la parte que se opone a la sentencia sumaria deberá presentar su moción en oposición dentro del término de veinte (20) días desde la notificación de moción dispositiva** y dicha parte "está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente". (Énfasis suplido) Regla 36.3(b) de Procedimiento Civil, *supra*; *Meléndez González et al. v. M. Cuebas,* supra, pág. 111.

Respecto al rol del TPI, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R.36.4, dispone que:

> [s]i en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. (Énfasis nuestro).

> A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

Nótese que, según la aludida regla, la presentación de una moción de sentencia sumaria tendrá unos efectos importantes en el litigio, independientemente de cómo esta se adjudique. *Meléndez González et al. v. M. Cuebas, supra*, pág. 113. Actualmente, esta regla requiere que los jueces, aun cuando denieguen, parcial o totalmente, una moción de sentencia sumaria, determinen los hechos que han quedado incontrovertidos y los que no. Íd. **Esta obligación "es la única forma de propiciar una revisión adecuada**

**por los foros apelativos".** (Énfasis nuestro) Íd., citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, págs. 1074-1075. En consecuencia, al evaluar la solicitud de sentencia sumaria, los tribunales deben: (1) analizar todos los documentos incluidos en las mociones y los que obren en el expediente del tribunal; (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *Torres Pagán et al. v. Mun. de Ponce*, 191 DPR 583, 598 (2014).

### III.

Cuando se recurre de una determinación interlocutoria emitida por el TPI, este foro intermedio tiene discreción para expedir el recurso presentado ante su consideración. Así pues, luego de examinar el expediente y los argumentos esgrimidos por los peticionarios, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra* y de la Regla 40 del Tribunal de Apelaciones, *supra*, acordamos expedir el auto de *certiorari*, pues nos encontramos ante una denegatoria de una moción de carácter dispositivo.

En el recurso ante nos, la señora Ortiz impugnó un dictamen que emitió el TPI denegando su solicitud de sentencia sumaria. Específicamente, argumentó que el TPI erró al negarse darle consideración a la solicitud de sentencia sumaria que se presentó en violación a lo que dispone la Regla 36 de Procedimiento Civil, *supra*. Además, sostuvo que el TPI se negó a impartirle materialidad a su dictamen. Le asiste la razón.

Conforme al precitado derecho, la Regla 36.4 de Procedimiento Civil, *supra*, dispone que, aun cuando el TPI deniegue, parcial o totalmente, una moción de sentencia sumaria tiene que determinar los hechos esenciales y pertinentes que han

quedado incontrovertidos y los que no. **Lo anterior, debido a que esa es la única forma de propiciar una revisión adecuada por los foros apelativos.**

En el caso de autos, como mencionamos anteriormente, el TPI denegó la moción de sentencia sumaria que presentó la peticionaria. Particularmente, se limitó a establecer que consideraba que había controversia en cuanto a los hechos y cómputos que se alegaron en dicha moción dispositiva. Sin embargo, **omitió consignar los hechos que encontró de buena fe controvertidos y los que no conforme lo exige la Regla 36.4 de Procedimiento Civil,** *supra.*

**La omisión de consignar los hechos materiales que están en controversia priva a las partes y a los tribunales de una revisión judicial adecuada.** *Delgado Adorno v. Foot Locker Retail, Inc., supra.* Es por tal omisión que estamos impedidos de analizar si, en efecto, el TPI se equivocó al determinar que existen hechos materiales en controversia. Como bien resolvió el Tribunal Supremo en *Delgado Adorno v. Foot Locker Retail, Inc., supra,* para descargar nuestra función revisora no podemos especular a cuáles hechos materiales en controversia se refirió el foro primario.

Por último, cabe precisar que, en la Conferencia con Antelación al Juicio, el TPI le concedió a la parte recurrida hasta el 20 de julio de 2023 para presentar su oposición a la moción dispositiva. Sin embargo, el 7 de julio de 2023, la parte peticionaria presentó su moción dispositiva y ese mismo día el TPI emitió una *Orden* denegándola. Por lo tanto, no le dio la oportunidad a la parte recurrida a oponerse a la solicitud de sentencia sumaria. Recordemos que la parte que se opone a la moción dispositiva tiene un término de veinte (20) días para hacerlo. Regla 36.3(b) de Procedimiento Civil, *supra.* Así pues, antes del TPI realizar una determinación en cuanto a la moción dispositiva que presentó la señora Ortiz tenía que darle la oportunidad al recurrido a oponerse

a ella para poder llegar a una determinación cumpliendo con la Regla 36 de Procedimiento Civil, *supra.*

En vista de lo anterior, le **devolvemos el caso al TPI para que le conceda un término a la parte recurrida para presentar su oposición a la solicitud de sentencia sumaria que presentó la peticionaria. Asimismo, le devolvemos el caso para que luego de que evalúe tanto la solicitud de sentencia sumaria como su oposición, emita un dictamen conforme lo exige la Regla 36.4 de Procedimiento Civil, *supra.*** Es decir, si luego de evaluar ambos escritos decide denegar la sentencia sumaria, que **consigne los hechos materiales que encontró de buena fe controvertidos y los que no.** Una vez el TPI emita un dictamen conforme lo establece nuestro ordenamiento jurídico las partes estarán en posición de presentar el recurso de revisión correspondiente, de ser necesario, y, a su vez, este Tribunal estará en posición de revisarla. Aclaramos que no estamos reteniendo jurisdicción conforme a la Regla 83.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**IV.**

Por los fundamentos expuestos, *expedimos* el auto de *certiorari, revocamos* la *Resolución* recurrida y devolvemos el caso al TPI para que proceda conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones